## FROTHINGHAM v. DUTTON & als.

PRACTICE.—The defendant, in an action in the Court of Common Pleas of which it has not final jurisdiction, is not bound to disclose the matter of his defence, but is entitled to have a verdict returned, and to appeal.

The power of the Court, in an action of which it has final jurisdiction, to order the entry of a default, is derived from the consent of the party.

THIS was *assumpsit* by the plaintiff as indorsee of a note of hand for three thousand dollars, against the defendants as makers; to which they pleaded the general issue. The cause being called for trial in the Court of Common Pleas, the Court, on motion of the counsel for the plaintiff, called on the counsel for the defendants to state whether they had any substantial defence to the action. He thereupon stated that he had recently received a letter from one of the defendants, instructing him to appear and answer to the action, and if judgment should be rendered against them, to enter an appeal to the Supreme Judicial Court; but that the letter did not contain the development of any ground of defence to the action, other than to put it to the jury and appeal. The Court then demanded of the defendants' counsel if he *believed* that his clients had any substantial defence to the action,—to which the counsel declined to answer;—observing that he had no means of knowing, except from the letter, from the tenor of which he said it might reasonably be inferred that they had a substantial defence. The Court thereupon ordered the defendants to be called, which being done, their counsel persisted to answer in their behalf, and claimed for them the right to a trial by the jury.

Frothingham *v.* Dutton & als.

But the Court refused to permit them to answer, and to put the cause to the jury to be tried; and ordered the clerk to enter on the record that the defendants did not appear but made default; which the clerk entered accordingly. The cause came to this Court upon summary exceptions to the proceedings in the Court below, filed by the defendants pursuant to the statutes

*Fessenden* and *Deblois*, for the plaintiff.
*Greenleaf*, for the defendants.

Mellen C. J. delivered the opinion of the Court.

As no issue was *joined* in the Court of Common Pleas, the defendants could not by law appeal to this Court. Their only remedy was by exceptions in the manner pointed out by *Stat.* 1822. *ch.* 193. *sec.* 5.; and this remedy has been pursued. The Court below directed a default to be recorded, although the defendants appeared by their attorney—had pleaded the general issue—answered when they were called; and claimed a trial by jury. Under these circumstances we are of opinion that the defendants ought not to have been defaulted. They had a *constitutional* right to a verdict of the jury, and to call on the plaintiff to prove; before them, the demand on which he founded his action. They had also a *legal* right, if a verdict had been returned, and judgment entered against them, to bring their cause to this Court by way of appeal, and have another trial here, if they so inclined. We are therefore of opinion that the default must be set aside, and the cause stand for trial at the bar of this Court.

We have no doubt; from the facts of the case, that the course pursued in the Court of Common Pleas was considered as fully justified by a usage and mode of proceeding in *this* Court, with respect to actions in which the counsel for the defendant, when called on by the Court, cannot say he has been instructed to make a defence, or that he believes there is one. Where counsel cannot state this, the Court have considered that there could not, in any probability, be an intention to defend the action. Relying on professional integrity and candour, the Court ask the questions; and when they cannot be answered in the affirmative, the same integrity and candour are considered as

dictating silence on the part of the counsel; and this silence is deemed an acquiesence in the opinion of the Court, and in the default which they order. We do not say that this course would be pursued where the defendant's counsel insists on a trial, files his plea, and claims a verdict.

But though we have adopted the course just mentioned, in *this* Court of *final* jurisdiction; the same reasons do not exist for it in the Court of Common Pleas, in those actions which by law may be brought to this Court by appeal. A defendant may have a good defence, but may choose to withhold the knowledge of it from the plaintiff, till tried on the appeal;—or he may not be prepared,—or not have given such explicit instructions to his counsel as to enable him to disclose the merits of his defence. But it is to be presumed that no gentleman of the profession, in either Court, will ever attempt to mislead them by appearances merely, if he knows or verily believes that there is no reality, comporting with such appearances.